**Rone J. HENSON, Appellant,**

v.

**UNITED STATES, Appellee.**

No. 87–1059.

District of Columbia Court of Appeals.

Argued July 18, 1989.

Decided Sept. 19, 1989.

Blaise Supler, Public Defender Service, with whom James Klein, Public Defender Service, was on the brief, for appellant.

Thomas C. Black, Asst. U.S. Atty., with whom Jay B. Stevens, U.S. Atty. and Debra Long–Doyle, Asst. U.S. Atty., were on the brief, for appellee.

Before NEWMAN, STEADMAN and SCHWELB, Associate Judges.

STEADMAN, Associate Judge:

The single issue on this appeal is whether the warnings given to appellant before he made an incriminating statement to the police complied with the requirements of *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct.

1602, 16 L.Ed.2d 694 (1966). The issue arises because the officer administering the warnings expanded upon the standard form found in PD–47, the Metropolitan Police Department card used for that purpose.

Specifically, the officer testified that he advised appellant as follows:

> (Reading) You are under arrest. Before we ask you any questions, you must understand what your rights are. You have the right to remain silent. You're not required to say anything to us at any time, or to answer any questions. Anything you say can be used against you in court. You have the right to talk to a lawyer for advice before we question you, and to have him with you during questioning. If you cannot afford a lawyer and want one a lawyer will be provided for you.

Then came the officer's expansion upon the strict language of the standard warning:

> However, I told him that he could—he'd have an opportunity to contact a lawyer.[1]

He then resumed reading from the printed form:

> (Reading) If you want to answer questions now, without a lawyer present, you will still have the right to stop answering at any time. You also have the right to stop answering at any time until you talk to a lawyer.

The officer then turned over the PD–47 card and asked appellant the four questions on that side, to each of which appellant answered "yes."[2] Appellant signed the PD–47 and asked no questions of the officer concerning his rights. He then gave the challenged statement.

The government argues that the instant case is controlled by the recent Supreme Court decision in *Duckworth v. Eagan,* — U.S. ——, 109 S.Ct. 2875, 106 L.Ed.2d 166 (1989), reversing the Seventh Circuit decision at 843 F.2d 1554 (1988). In that case, the appellant challenged the sufficiency of a *Miranda* warning form which provided in part (with respect to the right to a lawyer):

> You have the right to talk to a lawyer for advice before we ask you any questions and to have him with you during questioning. You have this right to the advice and presence of a lawyer even if you cannot afford to hire one. We have no way of giving you a lawyer, but one will be provided for you, if you wish, if and when you go to court.

*Id.,* 109 S.Ct. at 2877. The Supreme Court rejected the reasoning of the Seventh Circuit that the advice that counsel would be appointed "if and when you go to court" was constitutionally defective because it suggested that "only those accused who can afford an attorney have the right to have one present before answering any questions" and "implie[d] that if the accused does not 'go to court' *i.e.*[,] the government does not file charges, the accused is not entitled to [counsel] at all." *Duckworth, supra,* 109 S.Ct. at 2880, *quoting* the 7th Circuit opinion.

Instead, the Supreme Court focused upon the mandate of *Miranda* that the suspect must be told "that he has the right to the presence of an attorney, and that if he cannot afford an attorney one will be appointed for him prior to any questioning if he so desires." *Miranda v. Arizona, supra,* 384 U.S. at 479, 86 S.Ct. at 1630. The Court noted that it has never insisted that the warnings be in the exact words of that decision; rather "[t]he inquiry is simply whether the warnings reasonably 'conve[y] to [a suspect] his rights as required by *Miranda*.' " *Duckworth, supra,* 109 S.Ct. at 2880 (quoting *California v. Prysock,* 453 U.S. 355, 361, 101 S.Ct. 2806, 2810, 69 L.Ed.2d 696 (1981)).

We conclude, as did the Court in *Duckworth,* that the warnings given to the appellant "touched all of the bases required by *Miranda*." *Id.* Appellant, attempting

---

**1.** In cross-examination, the officer amplified this by stating that "I told him that the police department does not provide attorneys for defendants, but he would have an opportunity to call himself an attorney."

**2.** The questions include whether appellant had read or had read to him the warning as to his rights, whether he understood those rights, whether he wished to answer any questions, and whether he was willing to answer questions without having an attorney present.

to distinguish *Duckworth,* argues that the officer's added language, coupled with his failure to inform appellant specifically how his right to an attorney could be assured (*i.e.,* by the court on initial appearance; see D.C.Code § 11–2603 (1981)), left the impression that appellant "must locate and/or hire the attorney himself." We think this ignores the contextual setting of the added language, as well as the subsequent questions on the reverse of the form. So read, the warnings given to appellant, in their totality, fairly apprised appellant of his "right to have an attorney present if he chose to answer questions," the focus of the controversy here. *Duckworth, supra,* 109 S.Ct. at 2881.

We take this occasion, however, to repeat an admonition expressed by us over a decade ago in reviewing another case in which an officer expanded upon the language of the standard *Miranda* warning. We noted that "[t]he recurrence of this question in the decisions, however, points up the unnecessary litigation that is created by embellishments on the essentials of *Miranda*" and then stated in a footnote:

> If in the future it should appear that this particular embellishment on *Miranda* is becoming a pattern, we might well be required to examine whether it has become a tactic intended to confuse suspects on their *Miranda* rights, as the trial court found here. In other words, if

it should later appear that such a statement is being used in a manner which may result in confusion on the part of suspects as to their *Miranda* rights, this may then require examination.

*United States v. Rawls,* 322 A.2d 903, 907 n. 12 (D.C.1974). In *Duckworth,* the Court noted that "[a]t oral argument, the United States said that the federal law enforcement officials do not use this language ["if and when you go to court"] in order to avoid 'unnecessary litigation.'" *Duckworth, supra,* 109 S.Ct. at 2880 n. 6. This policy would wisely be applied against embellishment of the standard *Miranda* warnings in any respect.

The judgment appealed from is affirmed. In accordance with the joint position of the parties, the case is remanded to the trial court for vacation of the conviction of assault with a deadly weapon which, on the facts of this case, merged with the conviction of assault with intent to rape while armed.

*So ordered.*